## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Cr. No. C-06-274 (1) |
| JOSE E. HINOJOSA, | § § | |

| | | |
|---|---|---|
| JOSE E. HINOJOSA, Plaintiff, | § § § | |
| v. | § § | Civil Action No. C-08-141 |
| UNITED STATES OF AMERICA, Defendant. | § § § | |

## ORDER OF SEVERANCE,
## ORDER OF REALIGNMENT OF PARTIES,
## AND ORDER FOR COMPLIANCE WITH PLRA

Jose E. Hinojosa ("Hinojosa") was convicted and sentenced by this Court, and final judgment was entered against him in his criminal case on August 28, 2006. (Cr. C-06-274, D.E. 26.) Shortly thereafter, he filed a motion for reconsideration by and through counsel, which was denied. (Cr. C-06-274, D.E. 28, 29.) He did not timely appeal.[1] In February, 2007, he sought copies of various court documents at government expense, stating that he wanted to file a motion pursuant to 28 U.S.C. § 2255. (D.E. 33.) Although the Court ordered that he be provided with a number of the documents he had requested (see D.E. 34), Hinojosa has not filed a § 2255 motion. Instead, on April 17, 2008, the Clerk received a document from Hinojosa titled as a motion for return of seized property. (D.E. 35.) This motion is pending before the Court and addressed herein.

In his motion, Hinojosa seeks the return of various items he alleges were seized during his

---

[1] Very recently, on April 25, 2008, Hinojosa filed a notice of appeal from his criminal judgment. (Cr. C-06-274, D.E. 36.) That appeal remains pending.

arrest by agents with the Internal Revenue Service. These items include a Stetson sombrero, a wallet, a belt, a suitcase containing clothes and personal belongings, various licenses and identification papers, and $1,950.00. He claims that none of the property has been returned to him and further that none of it is the proceeds of any illegal activity. He therefore requests return of all of the property. (D.E. 35 at 2.)

Rule 41(g), Fed. R. Crim. P., permits a person aggrieved by an unlawful search and seizure, or aggrieved by the deprivation of property, to file a motion for return of property. A Rule 41(g) motion filed in a criminal case that has already concluded is properly construed as a civil action for return of property. Bailey v. United States, 508 F.3d 736, 738 (5th Cir. 2007); Taylor v. United States, 483 F.3d 385, 387 (5th Cir. 2007); United States v. Clymore, 217 F.3d 370, 373 & n.6 (5th Cir. 2000) (citing Pena v. United States, 122 F.3d 3, 4 n.3 (5th Cir. 1997)).[2] Such a proceeding is a suit against the United States for property or money, and is civil in nature, invoking the Court's general equity jurisdiction under 28 U.S.C. § 1331. See Bailey, 508 F.3d at 738; Clymore, 217 F.3d at 373 & n.6.

Because his motion is properly construed as a civil action, Hinojosa must comply with the Prison Litigation Reform Act (PLRA), and either pay the $350 filing fee or submit an application for leave to proceed *in forma pauperis*. Pena, 122 F.3d at 4. Additionally, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. See id. Although Hinojosa was previously granted *in forma pauperis* status in December, 2006, he has not complied with the requirements of the PLRA with regard to his instant complaint seeking the return of his property.

---

[2] Clymore and Pena both refer to Rule 41(e), Fed. R. Crim. P., but the rule was amended in December 2002, and subsection (e) was relettered as subsection (g) at that time. See Fed. R. Crim. P. 41, Advisory Committee Notes to 2002 Amendments.

2

In light of the foregoing, the following is ordered:

(1) The Clerk shall sever Hinojosa's motion (Cr. C-06-274, D.E. 35), and transfer the motion and this order to a civil case file, assigning a civil cause number to the proceedings. The parties shall be realigned, because defendant Hinojosa is the true plaintiff in this suit against defendant United States of America. All future pleadings related to Hinojosa's motion for return of properly shall be filed in the civil case file only.

(2) Within thirty days of the entry of this order, Hinojosa shall either: (a) pay the $350 filing fee; or (b) submit a completed application to proceed *in forma pauperis*, along with a certified copy of his inmate trust account records, which must reflect the account balance as of April 14, 2008, the date he signed his motion, as well as the deposits and average balance for the six months preceding that date. 28 U.S.C. § 1915. The Clerk shall mail to Hinojosa the appropriate forms. Failure to timely comply may result in dismissal of his cause for want of prosecution. Fed. R. Civ. P. 41.

ORDERED this 1st day of May 2008.

_____
Janis Graham Jack
United States District Judge